IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02600-BNB

KEITH FRAZIER,

    Plaintiff,

v.

P. FLORES, 2 Unit Manager, CCCF,
INFANTE, Case Manager, CCCF,
JANSSEN, Correctional Officer, CCCF,
P. PACHECO, Chief of Unit Management, CCCF,
A. DeCESARO, Step 3 Grievance Officer, CDOC,
CARDENIAS, Sergeant, CCCF,
FRY, Case Manager, CCCF, and
M. MILLER, Warden, CCCF

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Keith Frazier, is a prisoner in the custody of the Colorado Department of Corrections at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Frazier has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights have been violated. The court must construe the Prisoner Complaint liberally because Mr. Frazier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Frazier will be ordered to file an amended complaint.

    Mr. Frazier's claims in the Prisoner Complaint stem primarily from two incidents

that occurred while he was incarcerated at the Crowley County Correctional Facility (CCCF). In both incidents prison officials allegedly searched his cell and seized and destroyed personal property. Mr. Frazier specifically contends that, following a search of his cell on October 3, 2013, officers seized "a hat, cup/plant, Fender guitar pick, double-barrel pencil sharpener, numerous shoelaces, several shoe pads, a number of fancy legal work paperclips, and a large amount of ketchup and mustard packets" along with

> a folder containing a large amount of paperwork that he was planning to use for researching and writing a book on the music industry, including weekly charts, album reviews, artist interviews and biographies, special articles and features, photos, etc., that were either culled from his subscription music publications Rolling Stone, Spin, and Alternative Press, and various editions of the Denver Post, USA Today, and Pueblo Chieftain, since at least as far back as June 14, 2011, or that the prison mailroom had allowed him to have after being sent to him by friends and relatives during that time.

(ECF No. 1 at 4.) Mr. Frazier also contends that, following a search of his cell on May 21, 2014, officers seized copies of grievances, exhibit divider pages, legal paper, ink pens, a dictionary, two pairs of exercise shorts, one glove, and a packet of skin lotion. As relief Mr. Frazier seeks damages in the amount of $2,716.45, which is the amount he estimates is necessary to replace his personal property.

Mr. Frazier asserts due process, equal protection, and retaliation claims in the Prisoner Complaint. He apparently asserts the due process and equal protection claims against all eight Defendants. He contends that Defendants Infante and Jannsen searched his cell and seized his personal property on October 3, 2013; Defendants Fry and Cardenias searched his cell and seized his personal property on May 21, 2014; and

Defendant P. Flores approved the seizure of personal property after the fact on October 3, 2013, allowed the property seized on October 3, 2013, to be destroyed, and instigated the cell search on May 21, 2014.  Mr. Frazier also contends that Defendants Infante and P. Flores are culpable as supervisors; that Defendants P. Flores, P. Pacheco and A. DeCesaro are culpable for denying administrative grievances; and that Defendant M. Miller, the CCCF prison warden, "is responsible, in a general sense, for the establishment of policy and procedure, the training and supervision of staff, and other duties at the CCCF . . . as well as being legally responsible for each of the inmates housed there."  (ECF No. 1 at 15.)  Mr. Frazier asserts the retaliation claim against Defendant P. Flores.

The Prisoner Complaint is deficient.  First, Mr. Frazier fails to allege specific facts that demonstrate each of the Defendants personally participated in the asserted constitutional violations.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  In particular, mere denial of a grievance, alone, is not sufficient to demonstrate personal participation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").  In addition, supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a

causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

The Prisoner Complaint also is deficient because Mr. Frazier fails to allege specific facts in support of his constitutional claims that demonstrate he is entitled to relief. With respect to the due process claim, Mr. Frazier fails to alleges facts that demonstrate he was deprived of a constitutionally protected property interest without adequate due process. In short, Mr. Frazier fails to allege facts that would distinguish his due process claim in this action from a similar due process claim dismissed as legally frivolous in a prior lawsuit. *See Frazier v. Flores*, No. 13-cv-00891-LTB (D. Colo. Dec. 3, 2013), *aff'd*, 571 F. App'x 673 (10th Cir. 2014).

Mr. Frazier similarly fails to allege specific facts in support of his equal protection claim. He contends he was denied equal protection because another inmate

> mentioned that he'd been receiving clippings from magazines and newspapers from friends and relatives for a number of years at the CCCF – just as the plaintiff had in accumulating some of his music book research materials – but that his had never been confiscated or destroyed on him by any of the prison staff members as being "altered" and/or "contraband" in any of the searches of his cell, thus demonstrating that the plaintiff had been discriminated against on October 3, 2013.

(ECF No. 1 at 5.) However, these factual allegations do not demonstrate Defendants intentionally treated him differently than the inmate whose magazine and newspaper clippings were not seized during cell searches. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 688-89 (10th Cir. 2012) (discussing standards applicable in class-of-one equal protection cases). Mr. Frazier does not allege that any of the Defendants involved in

4

the alleged seizure of his personal property on October 3, 2013, were the same individuals who did not seize the other inmate's magazine and newspaper clippings or that they were aware that magazine and newspaper clippings had not been seized from the other inmate.

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim, however, Mr. Frazier must demonstrate (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Under the third prong, Mr. Frazier must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson*, 149 F.3d at 1144. "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991).

For these reasons, Mr. Frazier will be ordered to file an amended complaint. Mr. Frazier should name as Defendants only those persons he contends actually violated his federal constitutional rights. Mr. Frazier "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule

that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Frazier file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Frazier shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Frazier fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed.

DATED October 6, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge