IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02600-GPG

KEITH FRAZIER,

    Plaintiff,

v.

P. FLORES, 2 Unit Manager, CCCF,
INFANTE, Case Manager, CCCF,
JANSSEN, Correctional Officer, CCCF,
CARDENIAS, Sergeant, CCCF,
FRY, Case Manager, CCCF, and
M. MILLER, Warden, CCCF

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

    Plaintiff, Keith Frazier, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Frazier initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. On October 6, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Frazier to file an amended complaint that clarifies the claims he is asserting. On October 17, 2014, Mr. Frazier filed an amended Prisoner Complaint (ECF No. 6).

    The Court must construe the amended Prisoner Complaint liberally because Mr. Frazier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner

Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Frazier's claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Section 1915A(b) requires dismissal of the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous pursuant to § 1915A(b).

Mr. Frazier's claims in the amended Prisoner Complaint stem primarily from two incidents that occurred while he was incarcerated at the Crowley County Correctional Facility. In both incidents prison officials allegedly searched his cell and seized and destroyed personal property. Mr. Frazier specifically contends that, following a search of his cell on October 3, 2013, officers seized "a hat, cup/plant, Fender guitar pick, double-barrel pencil sharpener, numerous shoelaces, several shoe pads, a number of fancy legal work paperclips, and a large amount of ketchup and mustard packets" along with

> a folder containing a large amount of paperwork that he was

> planning to use for researching and writing a book on the music industry, including weekly charts, album reviews, artist interviews and biographies, special articles and features, photos, etc., that were either culled from his subscription music publications Rolling Stone, Spin, and Alternative Press, and various editions of the Denver Post, USA Today, and Pueblo Chieftain, since at least as far back as June 14, 2011, or that the prison mailroom had allowed him to have after being sent to him by friends and relatives during that time.

(ECF No. 6 at 4.) Following another search of his cell on May 21, 2014, Mr. Frazier contends that officers seized property including copies of grievances, exhibit divider pages, legal paper, ink pens, and a dictionary. As relief Mr. Frazier seeks damages in the amount of $2,716.45, which is the amount he estimates is necessary to replace his personal property.

Mr. Frazier specifically asserts due process, equal protection, and retaliation claims. He asserts the due process and equal protection claims against all six Defendants. According to Mr. Frazier, Defendants Infante and Jannsen searched his cell and confiscated his personal property on October 3, 2013; Defendants Fry and Cardenias searched his cell and confiscated his personal property on May 21, 2014; and Defendant P. Flores approved the seizure of personal property after the fact on October 3, 2013, allowed the property seized on October 3, 2013, to be destroyed, and instigated the cell search on May 21, 2014. Mr. Frazier also contends that Defendants Infante and P. Flores are culpable as supervisors and that Defendant M. Miller, the prison warden, "is responsible, in a general sense, for the establishment of policy and procedure, the training and supervision of staff, and other duties at the CCCF . . . as well as being legally responsible for each of the inmates housed there." (ECF No. 6 at

15.) Mr. Frazier asserts the retaliation claim against Defendant P. Flores.

Mr. Frazier's claims against Warden Miller will be dismissed for lack of personal participation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Frazier's vague and conclusory allegations regarding Warden Miller do not demonstrate that Warden Miller personally participated in the alleged property deprivations that Mr. Frazier contends violated his rights to due process and equal protection. Therefore, the claims against Warden Miller are legally frivolous and he will be dismissed as a party to this action.

Mr. Frazier's due process claim against the Defendants who actually participated in the alleged property deprivations is legally frivolous for the same reasons his substantially similar due process claim was dismissed in a prior lawsuit. *See Frazier v. Flores*, No. 13-cv-00891-LTB (D. Colo. Dec. 3, 2013), *aff'd*, 571 F. App'x 673 (10th Cir. 2014). The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369

(10th Cir. 1994). Although Mr. Frazier alleges that he was deprived of personal property, he fails to allege facts that demonstrate he was deprived of a constitutionally protected property interest without adequate due process.

First, if the personal property that is the subject of Mr. Frazier's due process claim was contraband as prison officials determined, Mr. Frazier does not have a protected property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221-23 (10th Cir. 2006); *Kunze v. Bertsch*, 477 F. Supp.2d 1038, 1053 (D.N.D. 2007). Thus, if the personal property was contraband, Mr. Frazier is not entitled to any procedural protections under the Due Process Clause.

Second, even if Mr. Frazier is correct in arguing that the personal property was not contraband under the relevant prison regulations and that he was deprived of a constitutionally protected interest in that property, the due process claim still fails. According to Mr. Frazier's argument, the confiscation of his personal property was not authorized by prison regulations. However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 U.S. at 536 &

n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982) (per curiam). According to the DOC grievance procedure, which is available on the DOC website, the definition of "remedy" includes "restoration of or restitution for property." *See* DOC Administrative Regulation 850-4, Grievance Procedure at III.J. Mr. Frazier does not allege facts that demonstrate the DOC grievance procedure was unresponsive or inadequate in any way. *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) ("In order to state a [due process] claim under § 1983 [for intentional deprivation of property], a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy."). Therefore, the Court finds that the DOC grievance procedure provides a meaningful remedy with respect to Mr. Frazier's property deprivation claim. The fact that Mr. Frazier did not obtain the relief he sought through the DOC grievance procedure is not sufficient to show that the process was unavailable or inadequate. *See Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012).

Even if the DOC grievance procedure is not an adequate postdeprivation remedy, the Court also must consider whether an adequate postdeprivation remedy exists in state court. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709 at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court."). Mr. Frazier does not allege any facts that demonstrate he lacks an adequate remedy in state court.

For these reasons, the Court finds that Mr. Frazier cannot state an arguable due process claim based on the alleged seizures and destruction of his personal property on October 3, 2013, and May 21, 2014.

The Court next will address Mr. Frazier's equal protection claim. The equal

protection claim relates only to the alleged seizure of Mr. Frazier's music industry research material on October 3, 2013. He contends he was denied equal protection because another inmate

> mentioned that he'd been receiving clippings from magazines and newspapers from friends and relatives for a number of years at the CCCF – just as the plaintiff had in accumulating some of his music book research materials – but that his had never been confiscated or destroyed on him by any of the prison staff members as being "altered" and/or "contraband" in any of the searches of his cell, thus demonstrating that the plaintiff had been discriminated against on October 3, 2013.

(ECF No. 6 at 5.) Although Mr. Frazier asserts the equal protection claim against all six Defendants, the only individuals he contends actually were involved in the alleged seizure of his personal property on October 3, 2013, are Defendants Infante, Jannsen, and P. Flores. Therefore, the equal protection claim is legally frivolous for lack of personal participation to the extent the claim is asserted against any Defendant other than Defendants Infante, Jannsen, and P. Flores.

"Equal protection of the laws doesn't guarantee equal results for all." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted). Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." *Id.* (internal quotation marks omitted). Because Mr. Frazier alleges he was treated differently as an individual, the Court analyzes the claim through equal protection's so-called "class of one" doctrinal prism. *See Shifrin v. Toll*, 483 F. App'x 446, 449 (10th Cir. 2012) (considering equal protection claim under class of

one theory in the absence of allegations that plaintiff was treated differently because of his sex, race, religion, or membership in some other cognizable group).  Of course,

> a class of one claim must proceed through essentially the same two steps a plaintiff alleging a class-based claim must.  First, the class of one plaintiff must show he or she (as opposed to a class in which he is a member) was intentionally treated differently from others similarly situated.  Second, when intentional discrimination is shown to exist the plaintiff must prove there is no rational basis for it.

*SECSYS*, 666 F.3d at 688 (internal citations and quotation marks omitted).  The first element "is especially important in class-of-one cases" and a class of one plaintiff must "provide a specific and detailed account of the nature of the preferred treatment of the favored class."  *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213-14 (10th Cir. 2004).  "[I]t is exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable."  *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1213 (10th Cir. 2006).

Mr. Frazier's equal protection claim lacks merit because he fails to allege specific facts to support an arguable claim.  In particular, he fails to allege specific facts that demonstrate he was intentionally treated differently than the inmate whose magazine and newspaper clippings were not seized as altered or contraband during searches of his cell.  Mr. Frazier does not allege that any of the Defendants actually involved in the alleged seizure of his personal property on October 3, 2013, were the same individuals who did not seize the other inmate's magazine and newspaper clippings or even that they were aware that magazine and newspaper clippings had not been seized from the other inmate.  Thus, the equal protection claim is legally frivolous and must be

dismissed.

The Court will not address at this time the merits of Mr. Frazier's retaliation claim against Defendant P. Flores. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge. See D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Plaintiff's due process and equal protection claims in the amended Prisoner Complaint are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that Defendants Infante, Janssen, Cardenias, Fry, and M. Miller are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  20th  day of  November , 2014.

BY THE COURT:

 s/Lewis T. Babcock 
LEWIS T. BABCOCK, Senior Judge
United States District Court