## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 14-cv-02600-CMA-MJW

KEITH FRAZIER,

    Plaintiff,

v.

P. FLORES, 2 Unit Manager, CCCF,

    Defendant.

---

## ORDER ADOPTING AND AFFIRMING MAY 19, 2015 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the May 19, 2015 Recommendation by United States Magistrate Judge Michael J. Watanabe that Defendant's Motion to Dismiss (Doc. # 25) be granted. (Doc. # 34.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On June 4, 2015, Plaintiff filed a timely Objection to Magistrate Judge Watanabe's Recommendation. (Doc. # 37.)

The factual and procedural background of this matter is set out at length in Magistrate Judge Watanabe's thorough Recommendation and the Court incorporates that recitation herein. As such, this Court provides only a brief overview of the facts and procedural history and will expand on them, when necessary, within the analysis.

Plaintiff Keith Frazier, incarcerated at the Crowley County Correctional Facility ("CCCF"), brought a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against six Defendants at CCCF. Senior Judge Lewis T. Babcock ordered Mr. Frazier to file an amended Complaint and specifically instructed him to "explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." (Doc. # 5 at 5.) Plaintiff filed an Amended Complaint, and on November 20, 2014, Judge Babcock ordered the dismissal of all but one of the Defendants named therein, as well as all but one of Plaintiff's claims. (Doc. # 9.) As a result, Magistrate Judge Watanabe's Recommendation analyzed Plaintiff's remaining claim – i.e., his First Amendment retaliation claim against P. Flores, the Unit Manager at CCCF. (Doc. # 34.)

Mr. Frazier's claim stems primarily from two incidents that occurred at CCCF, in which CCCF officials allegedly searched his prison cell and seized and destroyed his personal property. The first search occurred on October 3, 2013; although Defendant Flores did not personally participate in the search, he allegedly approved the search after the fact, wrongfully refused to return Mr. Frazier's property, and allowed the property to be destroyed. Plaintiff also alleges that Flores further retaliated against him by moving him from one cell to another cell on two separate occasions (once on October 11th, and once on October 22nd), after his cellmate lodged a complaint against him. The second search at issue occurred on May 21, 2014, after Mr. Frazier met with Flores about a grievance; again, Flores did not participate in the search. Mr. Frazier alleges that Flores took these actions in retaliation for Mr. Frazier's exercise of his

2

constitutional rights; specifically, the fact that Mr. Frazier has filed grievances as well as various lawsuits against Defendant Flores.

To successfully state a claim for First Amendment retaliation, Mr. Frazier must allege sufficient facts demonstrating the following: (1) he engaged in constitutionally protected activity; (2) Defendant's actions caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendant's "adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). Plaintiff must also allege that Defendant personally participated in the adverse action in question. *Serna v. Col. Dep't of Corr.*, 455 F.3d 1146, 1151–52 (10th Cir. 2006).

In his Recommendation, Judge Watanabe found that Plaintiff failed to state a First Amendment retaliation claim against Defendant Flores for several reasons. First, Mr. Frazier failed to allege the personal involvement of Defendant Flores (as the searches were conducted by other Officers, not Flores), as required by Tenth Circuit precedent. See *Serna*, 455 F.3d at 1151–52 (internal citation and quotation marks omitted) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights.")

3

Magistrate Judge Watanabe also found that Mr. Frazier failed to plead sufficient factual allegations to show either (1) a causal nexus between his protected activity and Defendant's adverse actions, or (2) that Defendant's actions would cause Plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in [protected] activity."

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Additionally, because Mr. Frazier appears *pro se*, the Court must construe his pleadings, including his Complaint and his Objection to the Recommendation, liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Frazier objects to Magistrate Judge Watanabe's Recommendation for several reasons. First, he asserts that Judge Watanabe erred in failing to consider the documents he attached to his initial Complaint in resolving the Defendant's Motion to Dismiss. (Doc. # 37 at 1.) Magistrate Judge Watanabe noted that he did not consider these documents because they were not attached to Plaintiff's Amended Complaint. (Doc. # 34 at 9.) Mr. Frazier asserts that these documents are "important in order for the Court to have a full understanding of the controversy." (Doc. # 37 at 1.) However, the Court has conducted an independent review of the documents Plaintiff attached to

his initial Complaint, and they provide the same information Mr. Frazier provided in the Amended Complaint. Accordingly, Magistrate Judge Watanabe was not required to consider them, and no error resulted from his decision not to do so.

Mr. Frazier also argues that Magistrate Judge Watanabe incorrectly concluded that Defendant Flores had no "personal involvement" in the adverse actions at issue, noting that "while Flores wasn't the person to actually initially seize his property in either shakedown of his cell, he was still the **one ultimately responsible for and culpable for the same.**" (*Id.*) (emphasis added.) He also argues that Flores's conduct – in failing to return the property or release it to someone else – constituted "personal participation." (*Id.*) Critically, however, Mr. Frazier does not point to facts indicating that Defendant Flores ordered or had anything to do with the searches of his cell, and the Tenth Circuit has specifically held that vicarious liability (i.e., being "ultimately responsible for" the actions of subordinates) does not exist under Section 1983. *Serna*, 455 F.3d at 1151; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather, "a plaintiff must show an 'affirmative link' between the supervisor and the violation, namely the **active participation or acquiescence of the supervisor in the constitutional violation** by the subordinates." *Serna,* 455 F.3d at 1152 (emphasis added). The alleged constitutional violations implicated here were the two searches of Plaintiff's cell and the fact that Plaintiff was required to move to a different cell.[1] As such, Judge

---

[1] Even if the Court construes Flores's actions in denying Plaintiff's requests to return his property or turn it over to someone else (and the fact that he allowed the property to be destroyed) as "acquiescence" sufficient for "personal involvement," Magistrate Judge Watanabe's Recommendation had other, independent reasons for determining that Plaintiff failed to state a claim, as explained elsewhere in this Order. For instance, although Flores was

5

Watanabe correctly determined that Defendant Flores's conduct after the fact did not constitute "active participation or acquiescence." Mr. Frazier also asserts that he satisfied the "personal participation" requirement because the individuals who actually searched his cell "were included as Defendants in this action." (Doc. # 37 at 1, 2.) This is incorrect: all of these Defendants were specifically dismissed from this action by Judge Boland in his November 20, 2014 Order. (Doc. # 9 at 9.)

Plaintiff also takes issue with Judge Watanabe's conclusion that he failed to allege a causal connection between Defendant's adverse actions and his constitutionally protected conduct. Specifically, Plaintiff asserts that "Unit Manager Flores had plenty of reasons/motives against the Plaintiff beyond that of just U.S. District Court civil action 13-cv-891-LTB . . . Flores was . . . well aware that plaintiff was suing him." (Doc. # 37 at 2.) This argument merely reiterates the same points Plaintiff made in his response to Defendant's Motion to Dismiss, and thus does not represent a "proper objection." Nevertheless, Magistrate Judge Watanabe correctly noted that Plaintiff's conclusory and speculative allegations – that Flores was generally aware of Plaintiff's grievances and lawsuits against him, and thus "had plenty of reasons/motives" to retaliate – are not sufficient to prove a causal connection for purposes of a First Amendment retaliation claim. Instead, because "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity," Plaintiff was required to allege

---

personally involved in forcing Plaintiff to move to a different cell after Plaintiff's cellmate complained, this conduct, standing alone, would not "chill a person of ordinary firmness from continuing to engage in [protected] activity." *See Shero*, 510 F.3d at 1203.

6

"specific facts" that "'**but for' the retaliatory motive,** the [allegedly retaliatory] incidents . . . would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (emphasis added); *see also Strope v. Cummings*, 381 F. App'x 878, 884 (10th Cir. 2010) (noting that protected activity "alone does not establish the requisite causal connection for [a] retaliation claim. If it did, litigious prisoners could claim retaliation over every perceived slight and resist summary judgment simply by pointing to their litigiousness.")  Plaintiff failed to allege such "specific facts"; as such, he cannot state a claim for First Amendment retaliation as a matter of law.

Lastly, Mr. Frazier contends that Magistrate Judge Watanabe erred in concluding that that Plaintiff did not allege sufficient facts to demonstrate he suffered an injury "that would chill a person of ordinary firmness from continuing to engage in that activity," *see Shero*, 510 F.3d at 1203, because although he was not **personally** "chilled" from filing grievances and lawsuits, this is because Mr. Frazier is a "person of '**extraordinary** firmness,' and . . . a person of merely 'ordinary firmness' would certainly have been chilled from doing so." (Doc. #37 at 2.)  In other words, Plaintiff argues that it was improper for Judge Watanabe to rely on Plaintiff's own conduct – i.e., his continued grievance filings and other legal activity in the face of Defendant Flores's actions – as a touchstone in determining whether a person of "ordinary" firmness would be chilled. The Court agrees. The Tenth Circuit has explicitly held that, in determining whether a person of ordinary firmness would be chilled by an adverse action, "[t]he focus, of course, is upon whether a person of ordinary firmness would be chilled, rather than whether the particular plaintiff is chilled," because "it would be unjust to allow a

7

defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity." *Smith v. Plati*, 258 F.3d 1167, 1177 (10th Cir. 2001).  Nevertheless, Plaintiff's persistence in filing grievances and lawsuits was not the sole basis of Judge Watanabe's conclusion that a "person of ordinary firmness" would not have been chilled from protected activity.  Judge Watanabe also pointed to the fact that plaintiff's transfer to another cell and the searches themselves were "ordinary incident[s] of prison life," and would not chill a person of ordinary firmness from continuing to engage in protected speech.  (Doc. # 34 at 13.)  In any case, because Magistrate Judge Watanabe correctly concluded that Plaintiff failed to state a claim for other, independent reasons, Plaintiff's objection fails.

Accordingly, for the foregoing reasons, it is hereby ORDERED that Plaintiff's Objection (Doc. # 37) is OVERRULED.  It is FURTHER ORDERED that the Recommendation of Magistrate Judge Watanabe (Doc. # 34) is AFFIRMED and ADOPTED as an order of this Court.  Pursuant to the Recommendation, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 25) is GRANTED.  It is

FURTHER ORDERED that Plaintiff's claims are DISMISSED WITH PREJUDICE, and this case is DISMISSED in its entirety.

DATED:  June 11, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

8